**In the Matter of Lawrence J. BRODD, a/k/a L.J. Brodd, Debtor.**

**Lawrence J. BRODD, Jane L. Brodd, Plaintiffs,**

**v.**

**SEARLE MEDICAL PRODUCTS U.S.A., INC., Defendant.**

**Bankruptcy No. 81–00972.
Adv. No. 82–1455.**

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 8, 1984.

David C. Christensen, Skokie, Ill., for defendant.

Joseph Niebler, Niebler & Muren, S.C., Brookfield, Wis., for debtors/plaintiffs.

C.N. CLEVERT, Bankruptcy Judge.

The plaintiffs/debtors, Lawrence J. Brodd and his wife, Jane L. Brodd (Brodds), filed their complaint against Searle Medical Products U.S.A., Inc. (Searle) on November 1, 1982, claiming that Searle is liable for rent, unpaid fire insurance premiums and property taxes on their commercial building at 2959 N. 112th St., Wauwatosa, Wisconsin, for the period November 1, 1981, to August 31, 1982. The Brodds are also asking for costs, reasonable attorneys fees and interest in accordance with the terms of an amended lease dated August 12, 1980. The Brodds' complaint states two theories upon which relief should be granted. Count I alleges that Searle is liable as a holdover tenant pursuant to WIS.STAT. § 704.25. Count II, on the other hand, rests on the allegation that Searle exercised its option to extend the August, 1980 lease for another year.

The case is now before the court pursuant to Searle's motion for summary judgment.

## FACTS

The Brodds are the owners of a commercial building at 2959 N. 112th St., Wauwatosa, Wisconsin, which was initially leased to Will Ross, Inc., Searle's corporate predecessor, in May of 1974. A second lease was executed by the parties in January of 1977. This lease was amended on August 12, 1980, to provide for termination on August 31, 1980, continuation with modification of certain earlier provisions for the period September 1, 1980, to August 31, 1981, and renewal for an additional twelve month period beginning September 1, 1981, provided that Searle exercised this option by written notice to the Brodds on or before May 15, 1981.

On May 20, 1981, Searle entered into an asset purchase agreement with Medix of Wisconsin, Inc. (Medix) to sell all of its assets at specified locations, including Wauwatosa. Although the asset purchase agreement provided for transfer of Searle's leasehold interest in facilities in St. Louis and Kansas City, it did not purport to include transfer of the Brodd lease. In any event, Searle and Medix closed the sale on June 1, 1981, and Medix took over operations in Wauwatosa. Thereafter, Searle paid the Brodds the rent for the month of June and Medix paid the rent for the months of July, August, September and October, 1981. On October 31, 1981, Medix vacated the Wauwatosa premises after giving the Brodds at least ten days notice.

## DISCUSSION

The first question for discussion is whether Searle is liable as a holdover tenant because Medix occupied the Brodds' building after Searle's lease expired.

The effect of holding over after the expiration of a lease is governed by WIS.STAT. § 704.25(2)(a), which reads in pertinent part:

> If premises are leased for a year or longer primarily for other than private residential purposes, and the tenant holds over after expiration of the lease,

the landlord may elect to hold the tenant on a year-to-year basis.

Subsection (c) of WIS.STAT. § 704.25(2) further provides:

Acceptance of rent for any period after expiration of a lease or other conduct manifesting the landlord's intent to allow the tenant to remain in possession after the expiration date constitutes an election by the landlord under this section unless the landlord has already commenced proceedings to remove the tenant.

■ The record in this case clearly shows that Searle sold its Wauwatosa operation to Medix on June 1, 1981, and thereafter did not physically occupy any part of the Brodds' building. It is equally clear that not only did Medix physically occupy the premises beginning June 1, 1981, but the Brodds also accepted rental payments from Medix for the months of July, August, September and October, 1981. Hence, Searle could not have held over after expiration of the lease.

Yet, the Brodds argue that Searle enjoyed the sole and exclusive right to possess and occupy the leased premises until the lease expired, and as a result, it should not now be heard to cry foul because its buyer—a stranger to plaintiffs—held over beyond August 31, 1981. They also argue that they did not seek to terminate Searle's tenancy under WIS.STAT. § 704.19 and that talks they may have had with Medix about renting the premises are irrelevant.

■ Except for their argument, the Brodds have not been able to supply the court with legal authority to support their claim of vicarious possession which would permit the creation of a periodic tenancy under WIS.STAT. § 704.25(2)(a). Despite this, the court notes that WIS.STAT. § 704.25(5) addresses the effect of a holdover by an assignee or subtenant. Section 704.25(5) provides:

If an assignee or subtenant holds over after the expiration of the lease, the landlord may either elect to hold the assignee or subtenant as a periodic tenant under sub. (2) (but not the original tenant unless he participated in the holding over) or remove any person in possession and recover damages from the assignee or subtenant or from the original tenant, except that the landlord may not recover damages from the original tenant if the landlord has been accepting rent directly from the assignee or subtenant.

Consequently, it appears that the policy of this section is that an original tenant should not be held liable for the acts of a subsequent tenant absent some participation by the original tenant in the act of holding over. Therefore, even if Searle put Medix in possession of the leased premises as an assignee or subtenant—which certainly is not the case here [1]—something more is needed to establish the requisite participation. But this additional information is noticeably absent. The Brodds failed to establish that Searle took any affirmative steps with regard to the leased premises after June, 1981, which might constitute the necessary participation needed to find Searle liable for the holding over attributable to Medix. As a result, the Brodds are precluded by WIS.STAT. § 704.25(5) from making Searle liable for any damages resulting from the holding over.

■ The next question that must be answered is whether Searle is chargeable with exercising its lease renewal option by virtue of Medix's presence on the demised premises after August 31, 1981.

The renewal option contained in the August 12, 1980, lease amendment states:

The term of the lease made and entered into on January 31, 1977, is hereby amended to end on August 31, 1980. Lessee shall pay for these above describ-

---

1. The Brodds argue in their briefs in opposition to summary judgment that Searle did not and could not assign its interest in the leased prem-
ises without their consent as provided by paragraph 8 of the lease.

ed premises, a monthly rental of $3,162, payable in advance on or before the first day of the month, commencing on September 1, 1980, and continuing for twelve (12) consecutive monthes [sic] thereafter. This Lease shall be renewable for an additional twelve (12) month period at these same terms and conditions, providing written notice therefore is received by the Lessor on or before May 15, 1981.

Despite this language requiring Searle to notify the Brodds of its intention to exercise the lease renewal option, the Brodds argue that they unilaterally waived the need for such notice and are entitled to hold Searle responsible for renewing the lease for an additional year.

This claim is totally without merit and has no basis in law or in fact. The plain language of the renewal option required that Searle act by May 15, 1981. The option did not impose upon Searle any affirmative duty to notify the Brodds of its intention not to exercise the option. Thus, the option expired in May of 1981, shortly before Searle sold assets to Medix and long before August 31, 1981, the date the lease terminated.

In closing, the court finds that the Brodds and Medix may well have created a tenancy at will pursuant to WIS.STAT. § 704.01(5), rather than a hold over periodic tenancy as was alleged. A tenancy at will is created when the tenant occupies the leased premises with the permission of the landlord but without a valid lease. It is clear that there was not a valid lease between Medix and Brodd and that Brodd knowingly allowed Medix to occupy the premises prior to and after Searle's lease expired.

In view of the foregoing, which shall constitute the court's findings of fact and conclusions of law, the court finds that Searle, the defendant herein, is entitled to summary judgment dismissing the complaint.